# EXHIBIT "A"

RICHARD DITOMASO, ESQ.
Attorney I.D.: 003811996
A Professional Corporation
901 Route 38
Cherry Hill, NJ 08002
(856) 414-0010
Attorney for Plaintiff, JEAN MOORE-SHAMBRY

| JEAN MOORE-SHAMBRY<br>Plaintiffs<br><br>v.<br><br>HOME DEPOT U.S.A., INC., JOHN DOES A-F (names being fictitious) and ABC CORPORATIONS 1-10 (names being fictitious) jointly, severally and/or in the alternative,<br><br>Defendants | NEW JERSEY SUPERIOR COURT<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>Civil Action<br><br>COMPLAINT, JURY DEMAND CERTIFICATION OF COUNSEL AND DEMAND FOR DISCOVERY |
|---|---|

Plaintiff, JEAN MOORE-SHAMBRY, residing at 342 Chestnut Street, Camden, NJ 08103, by way of Complaint against the defendant(s), states:

### FIRST COUNT

1. At all times relevant hereto, Defendant, Home Depot U.S.A., Inc. is a company with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339 that maintained, managed, owned, leased, controlled and/or possessed the property located at 2160 Route 70 West, Cherry Hill, NJ 08002.

2. On or about January 2, 2021, Plaintiff, JEAN MOORE-SHAMBRY, was an invitee on the premises when she was caused to trip and fall over the base of a hand truck sticking out at end of the aisle.

3. At all times relevant herein, Defendant, Home Depot U.S.A., Inc., knew or should have known that their premises were in a dangerous condition, containing unduly dangerous hazards as a result of defendants and their agents, servants and/or employees failure to properly construct, maintain, inspect and control said property.

4. At the aforesaid time and place, the agents, servants and employees of Defendant, Home

Depot U.S.A., Inc., were acting in their capacity as agents, servants and/or employees of the defendant, so that the negligence, carelessness and recklessness of the agents, servants and employees may be imputed to the Defendant, Home Depot U.S.A., Inc.

5.   Defendant, Home Depot U.S.A., Inc., jointly, severally and in the alternative, was negligent in that it failed to keep the premises in a safe condition, did not exercise proper care, caused a dangerous and hazardous condition to exist, allowed a nuisance to exist, failed to warn plaintiff of the hazardous condition, failed to provide proper safeguards and/or warnings on the property, failed to provide proper, safe and clear access for persons allowed and invited to use the property, failed to make proper inspection of their property and were otherwise negligent.

6.   As a result of the negligence of the Defendant, Home Depot U.S.A., Inc., Plaintiff did suffer and sustain severe and disabling injuries and has been and will in the future be caused to obtain medical treatment and has been and will in the future be caused to refrain from her normal pursuits.

WHEREFORE, Plaintiff, JEAN MOORE-SHAMBRY, demands judgment against the Defendant, Home Depot U.S.A, Inc. for damages, interest, costs of suit and attorney's fees, jointly, severally and in the alternative.

## SECOND COUNT

1.   Plaintiff repeats the allegations of the First Count as if same were set forth more fully at length herein and makes same a part hereof.

2.   The Plaintiff alleges that an insufficient amount of time has passed within which to determine the actual identity of any other individual or entities who may own or operate the subject premises, be responsible for its maintenance, repair and safety practices, or be responsible in whole or in part for the causation of the aforesaid injuries and damages. For the purposes of the within Complaint, said individuals and entities have been nominated as JOHN DOES A-F (fictitious names) and ABC CORPORATIONS 1-10 (fictitious names), jointly, severally and/or in the alternative. The Plaintiff pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within

Complaint relative to these or other defendants when, and if, the identity of said individuals or entities become known.

WHEREFORE, Plaintiff, JEAN MOORE-SHAMBRY, demands judgment against the Defendants, JOHN DOES A-F (fictitious names) and ABC CORPORATIONS 1-10 (fictitious names) jointly, severally and/or in the alternative on this Court for damages, interest, costs of suit and attorney's fees.

### DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies including, but not limited to any and all Declaration Sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

### DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that the plaintiff hereby demands of the defendants written answers to uniform Interrogatories within the time prescribed by the Rules of Court.

### JURY DEMAND

Plaintiff, Jean Moore-Shambry, hereby demands a trial by a jury.

### CERTIFICATION PURSUANT TO R.4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations relating to this suit pending or presently contemplated. In addition, it appears that there are no other persons who should be joined as parties.

### DESIGNATION OF TRIAL COUNSEL

Richard DiTomaso, Esquire, the undersigned is hereby designated as trial counsel for Plaintiff, Jean Moore-Shambry.

_____
RICHARD DiTOMASO, ESQUIRE
Counsel for Plaintiff, JEAN MOORE-SHAMBRY

Dated: 6/1/22